## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

LESTER LUGO GONZALEZ, et al,
  Plaintiffs,

v.

MUNICIPALITY OF GUAYNABO, et al,
  Defendants.

Civil No. 98-2422 (HL)



### OPINION AND ORDER

Before the Court are motions to dismiss by Defendants ICA-Miramar Corporation

("ICA"), by Héctor O'Neill and Sergio Bernier, and by the Municipality of Guaynabo.

O'Neill is the mayor of Guaynabo, and Bernier is the director of the city's public works

department.  Plaintiffs are Lester Lugo González ("Lugo"), Magali Quijano Morales

("Quijano"), and their daughter Rocio Lugo Quijano.  They bring this section for money

damages pursuant to section 1983[1] and claim violations of their federal constitutional

rights.  They also seek, under the Court's supplemental jurisdiction,[2] damages for claims

brought pursuant to Puerto Rico's constitution and negligence statute.[3]

As Plaintiffs note in one of their oppositions, Defendants raise similar arguments in

---

[1] 42 U.S.C.A. § 1983 (West Supp. 2000).

[2] 28 U.S.C.A. § 1367 (West 1993).

[3] P.R. Laws Ann. tit. 1 (1982); P.R. Laws Ann. tit. 31, § 5141 (1991).  Plaintiffs
also brought a claim under the Uniform Relocation Assistance and Real Property
Acquisition Policies Act, 42 U.S.C.A. §§ 4601 - 4655 (West 1995 & Supp. 2000).  Earlier
in these proceedings, they agreed to the dismissal of that claim.  *See* docket nos. 41 and 44.



AO 72A
(Rev.8/82)

Civil No. 98-2422 (HL)                    2

the three motions to dismiss.[4]  Accordingly, the Court will consider their motions together.

Defendants move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6).  Under both of

these rules, a court takes all well-pleaded allegations to be true and draws all reasonable

inferences in the plaintiff's failure.  *Pejepscot Indus. Park, Inc. v. Maine Cent. R.R.*, 215

F.3d 195, 197 (1st Cir. 2000) (Rule 12(b)(1));  *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.

1999) (Rule 12(b)(6)).  In their amended complaint, Plaintiffs allege that since 1987 they

had resided in a house on a 4.25 acre parcel of land in Guaynabo which was owned by

Quijano's parents.  Her parents had agreed to sell to Plaintiffs that part of the land on

which their residence was located.  Steps were taken to make this transfer, but there is no

indication in the complaint that they were completed or formalized.  In April 1996, the

Municipality of Guaynabo brought an action in local court to expropriate 1.8 acres of the

parcel for the construction of a road.  Plaintiffs' house is located on the remaining 2.45

acres.

Plaintiffs also allege that work on the road construction began in April 1997; that

the municipality had retained ICA to do the construction; that as part of this work, on May

14, 1997, ICA cut the electric, water, and phone lines to Plaintiffs' residence; that ICA

trespassed onto the property on which Plaintiffs resided and cut down trees on it;  and that

ICA's work left obstacles which denied vehicular access to this non-expropriated property.

Plaintiffs claim that they spent the following eighteen months in numerous meetings and

---

[4] Docket no. 39, at 2.

Civil No. 98-2422 (HL)                    3

written communications with Guaynabo city officials and the private contractors working

on the project, including the named defendants, in an effort to remedy this situation; that

despite Plaintiffs' frequent complaining to these officials, the situation was not corrected;

that the officials working on the project gave Plaintiffs conflicting information as to

whether a temporary access road would be built during the construction project; and that

Defendants failed to tell them that no access road would be built. Plaintiffs further claim

that in a meeting held in October 1997, a Guaynabo official informed them that the

municipality was considering expropriating the rest of the property because of an industrial

park that was being planned to be built either on or next to the property; that in subsequent

meetings, Plaintiffs tried to convince city officials to alter these plans to avoid

expropriation; that some of these officials appeared to be amenable to such alterations and

lead Plaintiffs to believe that expropriation could be avoided; and that these officials knew

in reality that the city fully intended to proceed with expropriation proceedings, but failed

to inform Plaintiffs of this.

On December 18, 1998, Plaintiffs filed the complaint in this case. On March 14,

1999, Guaynabo filed an *in rem* action in local court to expropriate the remaining parcel of

land. The complaint identified the property as belonging to Quijano's parents; Plaintiffs

were not named.[5] On April 9, 1999, the local court entered a resolution ordering the

_____

[5] Docket no. 30. The parties have submitted copies of pleadings from the local
court case. Normally, when a court ruling on a Rule 12(b)(6) motion considers matters
outside the pleadings, the motion should be converted to one for summary judgment. Fed.
(continued...)

Civil No. 98-2422 (HL)                    4

transfer of the property to the municipality for the sum of $86,800.[6]  Quijano's parents

moved to withdraw the funds deposited by Guaynabo to pay for the property and objected

to the property value determined by the court.[7]  On January 18, 2000, Plaintiffs moved in

the local court expropriation case to intervene and file a complaint for the damages which

they are seeking in the federal court case.[8]  The record contains a motion filed by

Guaynabo in the local court case which states that Plaintiffs' motion to intervene was

granted.  That same motion and an exhibit appended to it indicate that Quijano's parents

were the owners of the parcel of land and Plaintiffs were the owners of the house built on

the land.[9]  There is no indication that the local court case has become final.

       In the case before this Court, Plaintiffs claim that they have suffered a taking

without just compensation; they have been deprived of their property interest in the quiet

use and enjoyment of their residence; they have been deprived of their right to liberty and

---

[5](...continued)
R. Civ. P. 12(b).  This rule is not without its exceptions, however.  The conversion to a
motion for summary judgment is not necessary if the court considers documents whose
authenticity is not in question, official public records, documents central to the claim, or
documents sufficiently referred to in plaintiff's complaint.  *Beddall v. State Street Bank
and Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998); *Watterson v. Page*, 987 F.2d 1, 3-4 (1st
Cir. 1993).  Because these court filings are matters of public record whose authenticity is
not in dispute, the Court need not convert Defendants' motions to ones for summary
judgment.

       [6] Docket no. 37, exhibit 1.

       [7] Docket no. 37, exhibit 2.

       [8] Docket no. 45.

       [9] Docket no. 46.

Civil No. 98-2422 (HL)                    5

the pursuit of happiness; and they have suffered an invasion of privacy; and their right to

equal protection was violated.  In addition to claiming damages for the value of their

property, Plaintiffs also seek restitution for their emotional damages and for $18,000 which

they claim as losses from burglaries which occurred when they were unable to enter their

residence because of the construction project.  In their motions to dismiss, Defendants

argue that Plaintiffs' unjust compensation claim is premature and therefore the Court lacks

jurisdiction to hear it; that Plaintiffs' remaining allegations fail to state a claim; that the

claim is time-barred; and that O'Neill and Bernier are entitled to qualified immunity.

Plaintiffs have opposed these motions.  For the reasons set forth below, the Court grants

the motions to dismiss.


## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled

factual averments as true and must draw all reasonable inferences in the plaintiff's favor.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S.

163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993);  *Carparts Distribution Ctr., Inc.*

*v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir. 1994).  A court should not

dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be

unable to prove any set of facts which would entitle him to recovery.  *Conley v. Gibson*,

355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957);  *Miranda v. Ponce Federal*

*Bank*, 948 F.2d 41, 44 (1st Cir. 1991).  This deferential standard is not a "toothless tiger."

Civil No. 98-2422 (HL)                    6

*Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The court is not obliged to

accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the

like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).[10]

    A claim under section 1983 has two essential elements: (1) the conduct complained

of must have been committed under color of state law, and (2) the conduct must have

worked a denial of rights that are protected by the Constitution or laws of the United

States. *Martinez v. Colon*, 54 F.3d 980, 984 (1st Cir. 1995). With regard to the first

element, the parties do not dispute that Defendants acted under color of state law. The

second element has two aspects: (i) there must have been a deprivation of federal rights

and (ii) there must have been a causal connection between the conduct complained of and

the deprivation of rights. *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.

1989); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985).

    *1.*    *Takings Clause claim*

    Plaintiffs claim that their constitutional protection from an unjust taking without due

---

    [10] A heightened pleading standard should be applied in motions to dismiss section 1983 cases where an improper motive by the state actor was an essential element of the plaintiff's claim. *See Judge v. City of Lowell*, 160 F.3d 67, 74-75 (1st Cir. 1998). Such cases would include claims of race and gender discrimination under the Equal Protection Clause; cruel and unusual punishment under the Eighth Amendment; adverse employment actions based on political affiliation under the First Amendment; and retaliation for exercising free speech or some other constitutional right. *See Crawford-El v. Britton*, 523 U.S. 574, 585, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998). Plaintiffs do not make such claims. Therefore, the Court applies the regular standard cited above in ruling on the motions to dismiss.

Civil No. 98-2422 (HL)                    7

compensation has been violated. The Fifth Amendment provides that private property

shall not "be taken for public use without just compensation." U.S. Const. amend. V. This

amendment does not prohibit the government from taking private property; it prohibits the

taking of property without just compensation. *First English Evangelical Lutheran Church*

*v. County of Los Angeles*, 482 U.S. 304, 314-15, 107 S.Ct. 2378, 2385-86, 96 L.Ed.2d 250

(1987). The Fourteenth Amendment makes the Takings Clause of the Fifth Amendment

applicable to the states. *Chicago, Burlington & Quincy R.R. Co. v. Chicago*, 166 U.S. 226,

238-39, 17 S.Ct. 581, 585-86, 41 L.Ed. 979 (1897); *Philip Morris, Inc. v. Harshbarger*,

159 F.3d 670, 674 (1st Cir. 1998).

        A plaintiff may not bring a claim in federal court for a violation of the Takings

Clause until he has exhausted any local court takings procedures available to him. *Suitum*

*v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34, 117 S.Ct. 1659, 1664-65, 137

L.Ed.2d 980 (1997); *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473

U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985); *Gilbert v. City of Cambridge*,

932 F.2d 51, 63 (1st Cir. 1991); *Ochoa Realty Corp. v. Faria*, 815 F.2d 812, 816-17 (1st

Cir. 1987); *Culebras Enterprises Corp. v. Rivera Rios*, 813 F.2d 506, 515 (1st Cir. 1987);

*Suárez Cestero v. Pagán Rosa*, 996 F.Supp. 133, 141 (D.P.R. 1998). There is no

constitutional violation until the plaintiff has been denied just compensation. *Williamson*,

473 U.S. at 194 n.13, 105 S.Ct. at 3120 n.13; *Gilbert*, 932 F.2d at 63. So long as the state

affords an owner an adequate procedure with a realistic possibility of receiving just

compensation, the owner cannot claim a Takings Clause violation. *Gilbert*, 932 F.2d at 63.

Civil No. 98-2422 (HL)                    8

Courts have recognized that aggrieved owners in Puerto Rico have available to them recourse to inverse condemnation proceedings. *See Ochoa*, 815 F.2d at 817; *Culebras*, 813 F.2d at 513-14; *Suárez Cestero*, 996 F.Supp. at 141.

In the present case, Plaintiffs had available to them a local cause of action for inverse condemnation. Additionally, once Guaynabo brought its expropriation claim against the remaining parcel of land, Plaintiffs were allowed to intervene in the proceedings. There is no indication in the record that these proceedings are final or that Plaintiffs were unsuccessful in their attempt to seek compensation. Thus, their takings claim is unripe, and the Court dismisses it.

Plaintiffs argue that they are seeking damages for injuries which they claim they may not recover under the local proceedings. Presumably, this is a reference to their claims for emotional damages, personal property lost in burglaries of their house, and rental payments that they were forced to make because they could not live at their house. A plaintiff is not required to exhaust local proceedings if the state does not provide an adequate remedy. *Williamson*, 473 U.S. at 194-95, 105 S.Ct. at 3121; *Gilbert*, 932 F.2d at 64-65; *Ochoa*, 815 F.2d at 816-17. There is no exhaustion requirement unless there is a "reasonable, certain and adequate provision for obtaining compensation." *Williamson*, 473 U.S. at 194, 105 S.Ct. at 3120 (quoting *Reg'l Rail Reorganization Cases*, 419 U.S. 102, 124-25, 95 S.Ct. 335, 349, 42 L.Ed.2d 320 (1974) (internal quotations omitted)). A procedure will be deemed adequate even if its contours are "unsure and undeveloped." *Southview Associates, Ltd. v. Bongartz*, 980 F.2d 84, 99 (2nd Cir. 1992); *see also Samaad*

Civil No. 98-2422 (HL)                    9

*v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991); *Del Monte Dunes v. City of Monterey*, 920 F.2d 1496, 1507 (9th Cir. 1990); *Culebras*, 813 F.2d at 514-15. The plaintiff has the burden of establishing the inadequacy of the remedy. *Culebras*, 813 F.2d at 514-15; *see also Hudson v. Palmer*, 468 U.S. 517, 539, 104 S.Ct. 3194, 3207, 82 L.Ed.2d 393 (1984); *John Corp. v. City of Houston*, 214 F.3d 573, 581 (5th Cir. 2000); *Southview*, 980 F.2d at 100; *Samaad*, 940 F.2d at 934; *Del Monte*, 920 F.2d at 1506-07; *Estate of Himelstein v. City of Fort Wayne*, 898 F.2d 573, 576-77 (7th Cir. 1990). He must show that he almost certainly would not receive compensation under local law. *John Corp.*, 214 F.3d at 581.

In the case before the Court, Plaintiffs could have brought an inverse condemnation proceeding against Guaynabo. *See Ochoa*, 815 F.2d at 817; *Culebras*, 813 F.2d at 513-14; *Suárez Cestero*, 996 F.Supp. at 141. Additionally, the Puerto Rico legislature has devised a procedure by which the local government may expropriate private property. *See* P.R. Laws Ann. tit. 32, §§ 2901 - 2927 (1990).[11] Under these provisions, "[n]o person shall be deprived of his property, either in whole or in part." *Id.* § 2901. When the government initiates such an action, it must include in the complaint all persons with an interest in the property. *Id.* § 2905. In an *in rem* proceeding, any person with an interest in the property must be given notice of the case to afford him the opportunity to seek compensation for

---

[11] The statute empowers municipalities with the authority to bring expropriation proceedings. *See* P.R. Laws Ann. tit. 32, § 2920; P.R. Laws Ann. tit. 21, § 4453 (Supp. 1997).

Civil No. 98-2422 (HL)                          10

any damages he may have suffered. *Id.* Any party who has an interest in the property or who has suffered damages may, even though not named in the complaint, appear in the case to seek redress. *Id.* § 2906.

Guaynabo has brought an *in rem* action against the remaining parcel of land. Plaintiffs have intervened in the case as parties with an interest in the house on the land. Plaintiffs have not demonstrated that they will be denied in local court recovery for the injuries which they are claiming here. Plaintiffs argue that in the local court case Guaynabo has opposed their claims for damages and that this demonstrates the inadequacy of the remedy provided under Puerto Rico law. The Court disagrees. It is the local court, not Guaynabo, who will determine the extent of the remedy to which Plaintiffs are entitled. Until these claims are finally resolved by the local court, their claims in this Court for a taking without just compensation are not ripe. Accordingly, the Court dismisses all of Plaintiffs' Takings Clause claims.[12]


2.    *Liberty interest claim*

Plaintiffs claim that Defendants' conduct also violated their liberty rights. A state may not deprive an individual of liberty without due process. U.S. Const. amend. XIV; *Dominique v. Weld*, 73 F.3d 1156, 1158 (1st Cir. 1996). Protected liberty interests are

---

[12] Plaintiffs also assert a violation of their right to quiet enjoyment of their property. The Constitution's language does not contain such a right. The Court treats this claim as one that Plaintiffs were denied the right of use of their house. As such, this is part of their Takings Clause claim.

Civil No. 98-2422 (HL)                  11

defined both by state law and by the Constitution.  *Kentucky Dep't of Corrections v.*

*Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989); *Bowser v.*

*Vose*, 968 F.2d 105, 106 (1st Cir. 1992); 1A Schwartz & Kirklin, *Section 1983 Litigation*

§3.7, at 134 (3d ed. 1997).  The Supreme Court has recognized that the concept of liberty

is quite broad.  *Bd. of Regents v. Roth*, 408 U.S. 564, 572, 92 S.Ct. 2701, 2707, 33 L.Ed.2d

548 (1972).  The concept

> denotes not merely freedom from bodily restraint but also the right of the individual
> to contract, to engage in any of the common occupations of life, to acquire useful
> knowledge, to marry, establish a home and bring up children, to worship God
> according to the dictates of his own conscience, and generally to enjoy those
> privileges long recognized . . . as essential to the orderly pursuit of happiness by
> free men.

*Id.* at 572, 92 S.Ct. at 2706-07 (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct.

625, 626, 67 L.Ed. 1042 (1923).

        In the present case, although Plaintiffs claim a violation of their right to liberty, they

offer no explanation of this alleged injury.   They do not, in either their amended complaint

or in their oppositions to the motions to dismiss, elaborate upon the specific nature of the

liberty interest they claim to have been violated.  A plaintiff opposing a Rule 12(b)(6)

motion cannot expect the court to do his homework for him and devise theories and

arguments in his support.  *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 22-23 (1st Cir.

1991).  Moreover, the conduct which Plaintiffs attribute to Defendants is not sufficient to

establish either the infringement of the liberty interests spelled out by the Supreme Court in

*Roth* or of state-created liberty interests.  The fact that Defendants may have, as part of the

Civil No. 98-2422 (HL)                    12

construction project, blocked vehicular access to Plaintiffs' residence is not a deprivation of liberty without due process. Accordingly, the Court dismisses Plaintiffs' claim for this alleged constitutional injury.


   3.    *Right to the pursuit of happiness*

Plaintiffs also claim that Defendants denied them their right to the pursuit of happiness. Although the Declaration of Independence mentions this right, it does not appear in the Constitution. The Supreme Court has recognized certain liberty rights which are "essential to the orderly pursuit of happiness." *See, e.g., Loving v. Commonwealth of Virginia*, 388 U.S. 1, 12, 87 S.Ct. 1817, 1824, 18 L.Ed.2d 1010 (1967) (Marriage rights); *Meyer*, 262 U.S. at 399-403, 43 S.Ct. at 626-28 (Parental rights). The pursuit of happiness, in and of itself, however, is not an actionable constitutional right. *Coffey v. United States*, 939 F.Supp. 185, 190-91 (E.D.N.Y. 1996); *Jenicke v. City of Forest Hill*, 873 S.W.2d 776, 782 (Tex. App. 1994); *see also Parola v. Internal Revenue Service*, 1999 WL 1215557, at * 7 (E.D.N.Y. 1999) (No private cause of action to enforce the Declaration of Independence); *Bowler v. Welsh*, 719 F.Supp. 25, 26 (D.Me. 1989) (same). Therefore, the Court dismisses this claim.


   4.    *Right to privacy*

Plaintiffs further claim that Defendants violated their right to privacy. The right to

Civil No. 98-2422 (HL)                    13

privacy is, like the right to liberty with which it is sometimes intertwined, not readily

defined.  Under the Fourteenth Amendment, the courts have recognized two general

clusters of privacy rights.  *Whalen v. Roe*, 429 U.S. 589, 598-600, 97 S.Ct. 869, 876, 51

L.Ed.2d 64 (1977);  *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 182-83 (1st

Cir. 1997).  One cluster protects an individual's "autonomy": his right to make decisions

on personal matters such as marriage, procreation, and contraception; the second guards an

individual's "confidentiality": his interest in avoiding the disclosure of private or personal

information about his life.  *Whalen,* 429 U.S. at 598-600, 97 S.Ct. at 876; *Vega-Rodriguez*,

110 F.3d at 182-83; *Borucki v. Ryan*, 827 F.2d 836, 839-40 (1st Cir. 1987).  Additionally,

there are zones of privacy guaranteed by at least the First, Third, Fourth, and Fifth

Amendments. *Borucki*, 827 F.2d at 839.

    As was the case in their claim of a violation of their liberty interests, Plaintiffs

mention in passing an amorphous right, claim it was violated, but offer no support in their

complaint or oppositions to establish a cause of action.  Any exposition or argument on a

violation of the right to privacy is lacking.  This lack of specificity and support is again

fatal to their claim.  The facts they plead do not describe a violation of their autonomy or

confidentiality privacy rights.  It may be that Plaintiffs are claiming a violation of a Fourth

Amendment-based privacy right.  To make out such a claim, government conduct must

intrude upon a plaintiff's actual expectation of privacy and society must recognize this

expectation as a reasonable one. *Vega-Rodriguez*, 110 F.3d at 178.  The allegations of the

Civil No. 98-2422 (HL)                    14

complaint do not describe such an intrusion. Plaintiffs have advanced no theory to show

that they have met both the subjective and objective prongs of this test. The Court will not

surmise as to what exactly is Plaintiffs' theory. *See McCoy*, 950 F.2d at 22-23. Thus, this

claim is also dismissed.


   5.    *Equal protection*

   Plaintiffs further claim that their equal protection rights have been violated. They

do not allege that they are members of a protected class. Thus, in order to make out an

equal protection claim, they must allege that the state actors intentionally treated them

differently from other similarly situated individuals and that there was no rational basis for

this difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 565, 120 S.Ct.

1073, 1074, 145 L.Ed.2d 1060 (2000) (per curiam); *Burns v. State Police Ass'n of Mass.*,

230 F.3d 8, 12 n.4 (1st Cir. 2000). Plaintiffs have not made such a pleading. Accordingly,

they have failed to state a claim for an equal protection violation.


   6.    *Substantive due process*

   Lastly, Guaynabo argues in its motion to dismiss that Plaintiffs fail to state a claim

for a substantive due process violation. Plaintiffs do not, however, invoke this right in

their amended complaint. They do allege that Defendants acted "unreasonably,

oppressively, discriminatory [sic] and in a grossly negligent manner and with callous

AO 72A
(Rev.8/82)

indifference to the constitutional rights of plaintiffs."[13]  Guaynabo treats this language as a

claim for a substantive due process injury.  Substantive due process protects an individual

from "certain government actions regardless of the fairness of the procedures used to

implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d

662 (1986); *Souza v. Pina*, 53 F.3d 423, 425 (1st Cir. 1995).  A substantive due process

claim may proceed under one of two theories. *Aversa v. United States*, 99 F.3d 1200, 1215

(1st Cir. 1996); *Brown v. Hot, Sexy and Safer Productions, Inc.*, 68 F.3d 525, 531 (1st Cir.

1995).  One, the state actor's conduct must shock the conscience, *see County of

Sacramento v. Lewis*, 523 U.S. 833, 845-54, 118 S.Ct. 1708, 1716-20, 140 L.Ed.2d 1043

(1998); *Hasenfus v. LaJeunesse*, 175 F.3d 68, 72 (1st Cir. 1999).  Or two, the state actor

must have interfered with certain fundamental rights or with liberty or property interests

protected by the due process clause, *see Troxel v. Granville*, 530 U.S. 57, __, 120 S.Ct.

2054, 2060, 147 L.Ed.2d 49 (2000); *Fournier v. Reardon*, 160 F.3d 754, 758 (1st Cir.

1998); *Aversa*, 99 F.3d at 1215.

　　When another constitutional provision provides the plaintiff with explicit protection

of the right claimed, a court must analyze the claim under that provision rather than under

the generalized concept of substantive due process. *Conn v. Gabbert*, 526 U.S. 286, 293,

119 S.Ct. 1292, 1296, 143 L.Ed.2d 399 (1999); *Graham v. Connor*, 490 U.S. 386, 395,

109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).  Thus, a garden-variety claim of an unjust

---

[13] Docket no. 25, at 31.

Civil No. 98-2422 (HL)                    16

taking should be analyzed under the Takings Clause, not as a substantive due process

violation. *South County Sand & Gravel Co. v. Town of South Kingstown*, 160 F.3d 834,

835 (1st Cir. 1998); *Villas of Lake Jackson, Ltd. v. Leon County*, 121 F.3d 610, 612 (11th

Cir. 1997); *Bickerstaff Clay Products v. Harris County*, 89 F.3d 1481, 1489-90 (11th Cir.

1996); *Armendariz v. Penman*, 75 F.3d 1311, 1325-26 (9th Cir. 1996); *Gosnell v. City of

Troy*, 59 F.3d 654, 658 (7th Cir. 1995).

        In the case before the Court, any substantive due process claim for the Defendants'

alleged taking of Plaintiffs' property is properly considered as a Takings Clause claim and

is dismissed for the reasons discussed above in Part 1. of this opinion and order.

Moreover, they have not plead a violation of a fundamental right, liberty interest, or

property interest.  Thus, any substantive due process claim may proceed only if

Defendants' conduct amounts to conscience-shocking behavior.  Government action rises

to this level if it is "truly outrageous, uncivilized, and intolerable." *Hasenfus*, 175 F.3d at

72.  The Court holds that Defendants' conduct, as portrayed in the amended complaint was

not so egregious as to shock the conscience.  Plaintiffs describe government action that was

less than receptive to their needs, but Defendants' conduct was not truly outrageous,

uncivilized, or intolerable.  Thus, to the extent Plaintiffs claim a violation of substantive

due process, that claim is denied.

        The first cause of action of Plaintiffs' amended complaint cites a litany of

constitutional injuries.  While the rights invoked are broad, they are not so expansive as to

Civil No. 98-2422 (HL)                    17

include the conduct described by Plaintiffs. The constitutional right which is most relevant to this situation is the Takings Clause claim. It, however, is not ripe. Thus, the Court dismisses Plaintiffs' first cause of action. Plaintiffs' remaining causes of action are based on Puerto Rico law claims. Thus, they are dismissed without prejudice. *See Houlton Citizens' Coalition v. Town of Houlton*, 175 F.3d 178, 192 (1st Cir. 1999). Accordingly, the Court dismisses Plaintiffs' claims against ICA, O'Neill, Bernier, and the Municipality of Guaynabo.[14]

The remaining named defendant is Mario Corsino, a private architect who also worked on the construction project. The Court hereby **orders** Plaintiffs to show cause by **March 5, 2001**, ~~why~~ their claims against Corsino should not be dismissed for the same reasons that the Court has dismissed the claims against the other defendants.

WHEREFORE, the Court grants the motions to dismiss (docket nos. 30, 33, and 37).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 14, 2001.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[14] Because the Court grants the motions to dismiss for the reasons stated above, it need not consider the other arguments raised by Defendants in their motions to dismiss.